No. 20,789.

EDWARD D. LINGO, *Appellant*, v. J. T. GENTRY and MRS. J. T.
GENTRY, *Appellees*.

SYLLABUS BY THE COURT.

CONTRACT—*Agency to Sell Land—Two Agents Appointed—Sale Made
by Both Agents—Specific Performance.* Forgetting that he had
granted an agent exclusive authority to sell his land within a stipu-
lated period, a landowner authorized another agent to sell the land.
Both agents made sales within the period. *Held*, the court did not
abuse its discretion in denying specific performance of the sale made
by the agent last appointed.

Appeal from Seward district court; GEORGE J. DOWNER,
judge. Opinion filed July 7, 1917. Affirmed.

*F. S. Macy*, and *E. W. Davis*, both of Liberal, for the ap-
pellant.

*G. W. Sawyer*, of Liberal, for the appellees.

The opinion of the court was delivered by

BURCH, J.: The action was one to require the owner of real
estate to perform a contract of sale made by his agent. Relief
was denied, and the plaintiff appeals.

On February 1, 1915, the owner, Gentry, gave the firm of
Coons & Jacobs an exclusive agency for the sale of the land for
120 days. In April, Gentry authorized another agent, Edwards,
to sell the land after May 1, forgetting that the exclusive agency
of Coons & Jacobs extended to June 1. In April Edwards ar-
ranged for a sale to the plaintiff after May 1, and on May 3
gave the plaintiff the contract which is the basis of the suit.
On May 8 Coons & Jacobs sold the land, and the defendant
executed a deed and deposited it with an abstract of title in a
bank, for delivery on payment of the price. Coons & Jacobs
examined the abstract, approved the title, and when ready to
take up the deed discovered that suit had been commenced on
May 20. They then waited until the suit was decided to pay
for the land. While the evidence discloses many details, the
foregoing are the essential facts.

The plaintiff's action ignores the disability which Gentry imposed on himself to empower an agent to make a contract of sale in contravention of the rights of Coons & Jacobs. Specific performance is a matter of equity, and not a matter of right. Other things being equal, the prior equity prevails. Coons & Jacobs were as innocent as Edwards and the plaintiff, and because Coons & Jacobs acquired the first and the only authority to sell the land before June 1, the consequences of Gentry's mistake can not be visited on them.

It appears that Coons & Jacobs took the conveyance themselves. That was a matter between principal and agent. No breach of good faith is suggested, and the plaintiff is not concerned.

The judgment of the district court is affirmed.